| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Michael Jason Williams |
| | aka Jason Williams aka Michael J. Williams |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of Kentucky (State) |
| Case number | 24-60490 |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received**.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Harley-Davidson Credit Corp
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Harley-Davidson Credit Corp.
Name
PO Box 9013
Number     Street
Addison, Texas 75001
City     State     ZIP Code

Contact phone  (800) 766-7751
Contact email  pocquestions@nbsdefaultservices.com

Where should payments to the creditor be sent? (if different)

Harley-Davidson Credit Corp.
Name
Dept 15129
Number     Street
Palatine, Illinois 60055-5129
City     State     ZIP Code

Contact phone  (800) 766-7751
Contact email  pocquestions@nbsdefaultservices.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
                                                                 MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                                    **Proof of Claim**                                    page 1
3908-N-7019

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 6005

**7. How much is the claim?**   $28,992.04.   **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?** Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Goods Sold

**9. Is all or part of the claim secured?**

☐ No
☑ Yes.  The claim is secured by a lien on property.

**Nature of Property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☑ Motor vehicle
☐ Other. Describe:   2023 HARLEY-DAVIDSON FLHRXS ROAD KING SPE, 1HD1KVP19PB616318

**Basis for Perfection:**   Recordation of Lien
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $19,775.00
**Amount of the claim that is secured:**   $19,775.00
**Amount of the claim that is unsecured:**   $9,217.04   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $0.00

**Annual Interest Rate** (when case was filed)   13.290000%
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes.  Identify the property:

Case 24-60490-grs Claim 17-1 Filed 07/25/24 Desc Main Document Page 3 of 10
Case 24-60490-grs Doc 341 Filed 09/06/24 Entered 09/06/24 15:30:31 Desc
Filed Proof of Claim Page 3 of 10

| | | | |
|---|---|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C.§ 507(a)(7). | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | | * Amounts are subject to adjustment on 04/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/23/2024
              MM / DD / YYYY

/s/ Craig A. Edelman
   Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Craig A. Edelman | | |
| | First name | Middle name | Last name |
| Title | Authorized Agent for Harley-Davidson Credit Corp | | |
| Company | Bonial & Associates, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P.O. Box 9013 | | |
| | Number     Street | | |
| | Addison | Texas | 75001 |
| | City | State | ZIP Code |
| Contact phone | (972) 643-6600 | Email | pocquestions@bonialpc.com |

Official Form 410                                        **Proof of Claim**                                        page 3
3908-N-7019

Case 24-60490-grs Claim 13-1 Filed 07/25/24 Desc Main Document Page 4 of 10
Case 24-60490-grs Doc 411 Filed 09/06/24 Entered 09/06/24 15:30:31 Page 4 of 10
Filed Proof of Claim   Page 4 of 10

PROOF OF CLAIM - ADDENDUM    1    POC_ExhAConsAC
3908-N-7019

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 24-60490 |
| **MICHAEL JASON WILLIAMS** § | |
| § | CHAPTER 11 |
| **AKA JASON WILLIAMS AKA** § | |
| **MICHAEL J. WILLIAMS** § | |

### EXHIBIT A

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF HARLEY-DAVIDSON CREDIT CORP

REGARDING CERTAIN COLLATERAL DESCRIBED AS:
2023 HARLEY-DAVIDSON FLHRXS ROAD KING SPE 1HD1KVP19PB616318

### SECTION 1. ITEMIZATION OF CLAIM

A. Total Debt as of May 24, 2024
   Principal Balance                                      $28,876.14
   Accrued Unpaid Interest                                   $115.90
   Late Charges                                                $0.00

   TOTAL DEBT                                            $28,992.04

B. Total Arrearage as of May 24, 2024
   Regular Monthly Installments                                $0.00
   Late Charges                                                $0.00

   TOTAL ARREARAGE                                             $0.00



# Eaglemark Savings Bank
*A subsidiary of Harley-Davidson Credit Corp.*

## PROMISSORY NOTE (SIMPLE INTEREST) AND SECURITY AGREEMENT ("CONTRACT")

| BORROWER Name and Mailing Address | CO-BORROWER Name and Mailing Address | LENDER Name and Address |
|---|---|---|
| MICHAEL J WILLIAMS<br>5460 SLATE LICK RD<br>LONDON, KY 40741 | | Eaglemark Savings Bank<br>P.O. Box 22048<br>Carson City, NV 89721-2048 |

**Definitions.** The words "You" and "Your" mean the Borrower/Co-Borrower(s) who sign(s) below. The words "ESB" "Lender" "We" "Us" and "Our" mean Eaglemark Savings Bank, its successors and assigns. The word "Contract" means this Promissory Note and Security Agreement. The word "Vehicle" means the motorcycle and/or motor vehicle, described more fully below.
**Promise to Pay.** You promise to pay to Lender the Amounts Financed plus interest figured on a daily basis on the unpaid balance as set forth in this Contract and in the Truth In Lending Disclosures set forth below, together with all fees and expenses set forth in this Contract, until all amounts are paid in full.
**Payment Deferral.** Any deferral will continue to accrue interest during the deferral period.
**Where Applicable Finance Charges** will not accrue for the first ___N/A___ days of this Contract ("No Finance Charge" period).

### DESCRIPTION OF PURCHASE

| MAKE | YEAR | NEW/USED | MODEL | COLOR | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|---|---|---|
| HARLEY-DAVIDSON | 2023 | New | FLHRXS ROAD KING SPECIAL | BLACK | 1HD1KVP19PB616318 |

Description of the body and major items of equipment sold.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost You. (Estimate) | AMOUNT FINANCED<br>The amount of credit provided to You or on Your behalf. | TOTAL OF PAYMENTS<br>The amount You will have paid after You have made all payments as scheduled. (Estimate) |
|---|---|---|---|
| 13.29 % | $ 17,688.18 | $ 32,671.50 | $ 50,359.68 |

### Your Payment Schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | AND AS FOLLOWS: |
|---|---|---|---|
| 84 | $ 599.52 | Monthly Beginning: 03/20/2023 | Until Paid In Full |
| N/A | $ 0.00 | Monthly Beginning: N/A | N/A |

**Prepayment:** If You pay off all Your debt early, You *will not* have to pay a prepayment premium or penalty.
**Security Interest:** You are giving a security interest in the goods or property being purchased. Any of Your property securing Your other obligations to Lender also secures Your obligation under this Contract.
**Late Charge:** If any payment is more than ten (10) days late, You will be charged up to $25 or 10% of the late amount, whichever is greater, with a maximum of $50.
**Additional Information:** See Other Important Agreements, pages 3, 4 and 5, of this Contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| | | | |
|---|---|---|---|
| 1. | Amount Given to You Directly | $ | N/A (1) |
| 2. | Amount Paid on Your Account | $ | N/A (2) |
| 3. | Amount Paid to Others on Your Behalf | | |
| A. | To (Dealer Name & No.): WILDCAT HARLEY-DAVIDSON | $ | 23,099.00 (A) |
| B. | Cost of Required Physical Damage Insurance paid to insurance company* | $ | 0.00 (B) |
| C. | Cost of Optional Service Contract*<br>To: H-D ESP w/ TW | $ | 2,302.00 (C) |
| D. | Cost of Optional Tire & Wheel Protection*<br>To: | $ | 0.00 (D) |
| E. | Cost of Optional Credit Life and/or Disability Insurance paid to insurance company* | $ | 0.00 (E) |
| F. | Cost of Optional Planned Maintenance*<br>To: Z-CORE | $ | 3199.00 (F) |
| G. | Cost of Optional Theft Protection*<br>To: | $ | 0.00 (G) |
| H. | Cost of Optional Appearance Protection*<br>To: | $ | 0.00 (H) |
| I. | Cost of Optional GAP Addendum*<br>To: | $ | 0.00 (I) |
| J. | Government license and/or registration fees paid to public officials (describe):<br>Gov/Lic Fee | $ | 135.00 (J) |
| K. | Government Certificate of Title Fees paid to public officials | $ | 0.00 (K) |
| L. | Taxes (describe):<br>¹To: State of KY   For: Total Taxes | $ | 1,716.00 (L¹) |
| | ²To:   For: | $ | 0.00 (L²) |
| M. | Other charges* (identify who will receive payment and describe): | | |
| | ¹To: Dealer   For: Doc/Admin Fee | $ | 498.00 (M¹) |
| | ²To: Dealer   For: Freight & Set Up | $ | 1,519.00 (M²) |
| | ³To: Dealer   For: Filing Fee | $ | 203.50 (M³) |
| | ⁴To:   For: | $ | 0.00 (M⁴) |
| | ⁵To:   For: | $ | 0.00 (M⁵) |
| | Total Amount Paid to Others on Your Behalf (add A thru M⁵) | $ | 32,671.50 (3) |
| 4. | Amount Financed (1+2+3) | $ | 32,671.50 (4) |

* Dealer/Seller and/or Lender and/or Others may retain, or receive, a portion of these amounts. You authorize the disbursement of funds as itemized above; with the exception of 3B, it is the Dealer's obligation to remit any funds itemized in Section 1, 2 and 3 above. You acknowledge that any down payment made to Dealer may be used to pay, in whole or part, anything itemized above in Sections 1, 2 and 3.

LEG21
Revised 02/2021    ORIGINAL: ESB    Copy: Borrower(s)    1 of 5

## INSURANCE AND OPTIONAL PRODUCTS

**NOTICE:** No person is required, as a condition of obtaining this loan, to purchase Credit Life and/or Disability Insurance, Tire and Wheel, Planned Maintenance, Theft Protection, Appearance Protection, Service Contracts, or GAP Addendum, or to purchase, or negotiate, any insurance through a particular insurance company, agent or broker.

**Required Physical Damage Insurance.** Physical damage insurance is required, but You may obtain it from anyone You want who is reasonably acceptable to Lender through an existing policy of insurance owned or controlled by You, or through a policy You obtain from an insurer authorized to do business in Your state. If You choose to buy and finance this insurance through Lender, the cost of this insurance is shown in item 3B of the ITEMIZATION OF AMOUNT FINANCED section and You agree that the cost may be included in the Amount Financed under this Contract.

Insurance Company: _____
Telephone Number: _____
Term: _____ Months
$ 0.00 _____ Deductible Collision and
$ 0.00 _____ Deductible Comprehensive (includes Fire, Theft and Combined Additional Coverage)

**OPTIONAL Protection Products and Service Contracts.** If You choose to buy and finance other OPTIONAL products or services the cost of coverage is shown in Section 3 of the ITEMIZATION OF AMOUNT FINANCED, specifically 3C for a Service Contract, 3D for Tire/Wheel, 3F for Planned Maintenance, 3G for Theft Protection, 3H for Appearance Protection, and 3M for Other. See Your protection/service contract(s) for details on the protection/service it provides.

**OPTIONAL Credit Life and/or Disability Insurance.** If You have chosen this protection, and if You finance this protection, the cost is shown in item 3E of the ITEMIZATION OF AMOUNT FINANCED section. Credit life insurance is based upon the Payment Schedule and term shown above. This protection may not pay all You owe on this Contract if You make late payments. Disability protection covers the original payment amount of the term shown in the TRUTH IN LENDING DISCLOSURES above. If You make late payments, disability protection will not pay all of Your payments. Please refer to the separate agreement for any chosen program for details on the protection it provides.

**OPTIONAL GAP Addendum.** If You choose to buy and finance a GAP Addendum, the cost is shown in item 3I of the ITEMIZATION OF AMOUNT FINANCED section. GAP is based upon the Payment Schedule and term shown above. This protection may not pay all You owe on this Contract if You make late payments. See Your GAP addendum for details on the protection it provides.

**OPTIONAL Credit Life and/or Disability Insurance, GAP Addendum (Waiver).** Credit life and credit disability insurance, GAP Addendum are not required to obtain credit and will not be provided unless You sign for them and agree to pay the additional cost. Acknowledge by signing below. If You have chosen any of these protections, the cost is shown below. Please refer to the separate agreement for any chosen program for details on the protection it provides. No insurance will be in force until accepted by the product provider.

| Type | Cost | Signature (To purchase) | Decline to Purchase (Initials) |
|---|---|---|---|
| Credit Life (Borrower/Co-Borrower) | $ 0.00 | I/we want Credit Life<br>X_____ Borrower<br>X_____ Co-Borrower | X_____ Borrower<br>X_____ Co-Borrower |
| Credit Life & Disability (Borrower/Co-Borrower) | $ 0.00 | I/we want Credit Life and Disability<br>X_____ Borrower<br>X_____ Co-Borrower | X —DS— MJW Borrower<br>X_____ Co-Borrower |
| Credit Disability (Borrower/Co-Borrower) | $ 0.00 | I/we want Credit Disability<br>X_____ Borrower<br>X_____ Co-Borrower | X_____ Borrower<br>X_____ Co-Borrower |
| GAP Addendum (Borrower only) | $ 0.00 | I want GAP Addendum<br>X_____ Borrower | X —DS— MJW Borrower |

THE INSURANCE REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS. You hereby consent to the use or sharing of any insurance coverage information obtained as part of the loan process in the marketing of insurance.

## IMPORTANT SIGNATURES AND NOTICES

**NOTICE TO CONSUMER:** By signing below, You agree to the terms of this Contract and agree that the provisions located on pages 3, 4, and 5 shall constitute a part of, and shall be incorporated into, this Contract.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETED COPY OF THIS CONTRACT. IF YOU FAIL TO PERFORM YOUR OBLIGATIONS UNDER THIS CONTRACT, THE COLLATERAL MAY BE REPOSSESSED AND YOU MAY BE LIABLE FOR THE UNPAID INDEBTEDNESS EVIDENCED BY THIS CONTRACT.

YOU SIGNED THIS CONTRACT AND RECEIVED A COPY ON _____ February _____ 18 _____ 2023 _____
(Month) (Day) (Year)

THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIATED WITH THE DEALERSHIP THAT SOLD YOU THE VEHICLE. WE MAY SHARE PART OF THE FINANCE CHARGE WITH THE DEALERSHIP THAT SOLD YOU THE VEHICLE.
The **Borrower/Co-Borrower** are each jointly and severally liable for the entire obligation arising under this Contract.
The **Co-Borrower** (if applicable) knows that Lender has a security interest in the property purchased in this Contract and consents to the security interest.
**NOTICE TO CO-BORROWER:** YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.
Federal regulations require Us to notify You that We may report information about Your account to credit bureaus. Late payments, missed payments or other defaults on Your account may be reflected in Your credit report.

**BORROWER** signs below
By: X _DocuSigned by:_ MICHAEL J WILLIAMS
Print name: MICHAEL J WILLIAMS

**CO-BORROWER** signs below
By: X _____
Print name _____

**TITLE AND REGISTRATION PROCESSING:** Input the following name and address on the title documents:
Eaglemark Savings Bank
P.O. Box 277940
Sacramento, CA 95827

LEG21
Revised 02/2021                    ORIGINAL: ESB          Copy: Borrower(s)          2 of 5

## OTHER IMPORTANT AGREEMENTS

**1. Finance Charge.** Starting on the date of this Contract, the Finance Charge accrues on a daily basis at a rate that is based on the Annual Percentage Rate disclosed on page one of this Contract.

**2. Application of Payments.** Lender will apply your payments to the Finance Charges, Amount Financed currently due, Expenses, Fees, and then the unpaid balance of the Amount Financed, in that order. Unless otherwise required by applicable law, payments will be applied to any past due amounts on the account before being used to satisfy any monthly payment amount. Any amount received in excess of any past due amounts and current Total Amount Due, including monthly payment amount and Fees and Expenses, will be applied to the unpaid balance of the Amount Financed.

**3. Late Payments and Early Payments.** The disclosures of the Finance Charge and Total of Payments are based on the assumption that You will make every payment on time and assuming each year has 365 days and each month has 30 days, according to the Payment Schedule. Since the Finance Charge accrues daily, You will pay more Finance Charge and Your Finance Charge and Total of Payments will be more if You pay late. You will pay less Finance Charge and Your Finance Charge and Total of Payments will be less if You pay early. If You pay early, the effect will be that Your final payment will be smaller. If You pay late, Your final payment may be larger or You may have one or more additional payments. Unless specifically prohibited by applicable law, the remaining balance shall be due and payable no later than the last scheduled payment.

**4. Payment Deferral.** If You meet the requirements and are granted an extension of one or more monthly payments, You understand that any deferral will continue to accrue interest on the unpaid principal balance during the deferral period.

**5. Ownership and Risk of Loss.** You agree to pay Lender all You owe under this Contract and under the original schedule, even if the Vehicle is damaged, destroyed, stolen or missing. You agree to keep the Vehicle in good condition or repair. You agree to use the Vehicle for personal use only, not to remove the Vehicle from the United States, and not to sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without Lender's written permission. You agree to notify Us of any change in Your address or the location of the Vehicle. You agree to protect the Vehicle from claims of third persons. You agree not to expose the Vehicle to misuse or confiscation. You will make sure Lender's security interest in (lien on) the Vehicle is shown on the title, or on other documentation acceptable to Lender. You aagree to provide all materials and take action as Lender may request at any time to protect or enforce its rights in the Vehicle and other collateral. You will not do anything to defeat Lender's lien. If Lender pays any repair bills, storage bills, taxes, fines, or other charges on the Vehicle, You agree to repay the amount when Lender asks for it unless specifically prohibited by law.

**6. Security Interest.** You grant Lender a purchase money security interest in the Vehicle specified on page one of this Contract and any of the following that are purchased and financed in connection with this Contract: (1) any accessories, equipment, and replacement parts installed on the Vehicle; (2) any insurance premiums and charges for service or GAP addendum returned to Lender; (3) any proceeds of insurance policies, service or GAP addendum on the Vehicle; and (4) any proceeds of insurance policies on Your life or health which are financed through this Contract. This purchase money security interest is in addition to any other security interest or lien Lender holds, or which You are required to provide as a condition of this Contract. The Vehicle and all other property subject to a security interest or lien in Lender's favor is called the "Collateral". The Collateral secures payment of all amounts You owe on the Contract and on any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract. To the extent permitted by applicable law, the Collateral under this Contract also secures Your other obligations to Lender, whether now owing or incurred after the date of this Contract.

**7. Prepayment.** You may prepay the unpaid balance of the Amount Financed in full or in part at any time without penalty. If You do so, You must first pay the earned and unpaid part of the Finance Charge before paying for the unpaid balance of the Amount Financed and all other amounts due up to the date of payment.

**8. Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the Vehicle for the duration of this Contract, **showing Lender (and its successors and assigns) as "additional insured and loss payee." Unless You provide Lender with evidence of the insurance coverage required by this Contract, Lender may purchase insurance at Your expense to protect Lender's interests in Your Vehicle.** This insurance may, but need not, protect Your interests. The coverage Lender purchases may not pay any claim that You make or any claim that is made against You in connection with the Vehicle. You may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that You have obtained insurance as required by the Contract. **If Lender purchases insurance for the Vehicle, You will be responsible for the costs of that insurance until the effective date of the cancellation or expiration of the insurance.** The costs of insurance will consist of the actual cost of the insurance plus a Finance Charge, at a rate that is based on the Annual Percentage Rate in this Contract, subject to limits under applicable laws. The costs of the insurance may be more than the cost of insurance You may be able to obtain on Your own.

**9. Late Charge.** You will have to pay a late charge on each monthly payment received by Lender more than ten (10) days late according to the Payment Schedule. The charge is shown on page one of this Contract. Acceptance of a late payment or late charge does not excuse Your late payment or mean that You can keep making payments after they are due. Lender may also take the steps set forth in the other applicable sections of this Contract if there is any late payment.

**10. Dishonored Check Charge.** For the return of a dishonored check/ACH, negotiable order of withdrawal or share draft issued in connection with any payment due under this Contract, Lender may charge You a Fee of up to $50, plus any charges assessed by Lender's depository institution.

**11. Convenience Fees.** You may incur convenience fees and other charges from Lender, Your own bank, or a service provider as a result of the method You choose to make Your payments. Unless specifically prohibited by applicable law, You agree that You are responsible for paying these charges, as applicable, and acknowledge that these are convenience fees related to Your choice of an expedited method of payment. To the extent permitted by law, Lender or a third party who contracts with Lender may charge up to $12 per payment made over the phone and up to $6 per payment made via the internet or mobile devices. You expressly consent to Lender contracting with third party payment processors to share in these fees. You may sign up for recurring payments through myhdfs.com for no additional charge and may send physical payments via check to Lender's lockbox for no additional charge other than postage or shipping charges.

**12. Optional Protection Products or Service Contracts.** This Contract may contain charges for optional protection products or service contracts such as extended service, planned maintenance, or GAP addendum. If You breach this Contract, You agree that Lender may claim benefits under these agreements and terminate them to obtain refunds of unearned charges. In the event You pay off Your loan early, please contact the selling Dealer or the administrator of the protection products you purchased to discuss whether you may be eligible for a refund of any unearned protection product fee.

**13. Insurance, Service Contract and GAP Addendum Refunds Received by Lender.** Any refund on optional protection products or service contract will be credited to Your account. This will not excuse You from making payments in accordance with the Payment Schedule on page one of this Contract.

**14. Default; Required Payment in Full Before Scheduled Date.** If You fail to pay any payment when due and/or pay less than the amount owed; if the likelihood of You performing the obligations under this Contract significantly decrease or if Lender's likelihood of collecting on the Vehicle significantly decrease, including if You die or are declared legally incompetent; if a proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property; or if You break any of the agreements in this Contract (Default), Lender can demand that You pay in full either 1) all past due payments, or 2) all You owe on this Contract **at once** (not just past due payments), together with all costs and expenses incurred by Lender. After Default, interest will continue to accrue on a daily basis at a rate that is based on the Annual Percentage Rate shown on page one of this Contract.

Only if You reside in CO, CT, DC, FL, GA, IA, KS, ME, MD, MA, MN, MO, NE, NV, OR, RI, SC, SD, TN, TX, WV, or WI AND You and Your account are eligible to cure Your payment Default under the laws of that state (some cure states place limits on how often You may cure Your payment Default within a specified time or during the term of Your obligation), Lender will provide notice and You will have an opportunity to cure Your payment Default by paying the unpaid past due payments plus the earned and unpaid part of the Finance Charge, any subsequent charges, and any amounts due because You did not keep Contract promises.

**15. Repossession of Vehicle for Default of Contract.** Repossession means that (1) if You fail to pay according to the Payment Schedule or (2) if You fail to cure Your payment Default in those states where Lender may not take Your Vehicle until You are given notice and the right to cure Your payment Default, or (3) if You otherwise Default, Lender can, where permitted by applicable laws, take the Vehicle from You with or without resort to judicial process. To take the Vehicle Lender can enter Your property, or the property where the Vehicle is stored, so long as it is done peacefully and does not otherwise violate Your state law. If there is any personal property in or on the Vehicle, such as clothing, Lender may store it for You. Any accessories, equipment or replacement parts will remain with the Vehicle. If repossession action is started, and You cure Your payment Default prior to repossession, You agree that Lender can charge actual and reasonable expenses incurred by it, unless specifically prohibited by applicable laws.

**Connected Vehicle System Information. If the Vehicle has technology that provides cellular and GPS connectivity ("Connected Vehicle"), You agree that Lender may access the location of the Vehicle for Lender's servicing and collection purposes, including, subject to any prior notice and right to cure You have under applicable law, finding the Vehicle for repossession.** If the Vehicle is repossessed, Lender may access Connected Vehicle information including mileage, impact data, repair history, use of the vehicle by state, driving behavior for valuation purposes and to determine whether the Vehicle needs repairs or other services. Lender may also use the kinds of connected Vehicle information described above to help Lender confirm You are complying with Your obligations under this Contract.

## OTHER IMPORTANT AGREEMENTS (Continued)

**If You reside in the State of Louisiana—Confession of Judgment—Seizure and Sale of Vehicle for Failure to Pay.** If You reside in the State of Louisiana, We may choose to institute executory, ordinary, or other legal proceedings to recover the Vehicle. For the purpose of permitting Lender to employ executory proceedings in the State of Louisiana, You do hereby acknowledge Your obligation under this Contract and **CONFESS JUDGMENT** in favor of Lender or any holder of this Contract if Your obligation is not paid in full or You Default under this Contract. You agree that if You fail to pay according to the Payment Schedule or otherwise Default under this Contract, then the entire unpaid balance due on this Contract shall immediately become due and payable at the option of Lender without necessity of any notice, demand or placing in Default. If this happens, Lender may cause the Vehicle to be seized and sold under executory or other legal process in any court of competent jurisdiction in this state, to the highest bidder, payable in cash. You agree to waive notice, and the benefit of appraisal, and other related rights under Louisiana Code of Civil Procedure Articles 2332, 2336, 2723, 2724. The provisions of this section regarding Your confession of judgment shall apply only if this Contract is enforced in the courts of the State of Louisiana.

Your rights following seizure of the vehicle will be determined by applicable law.

You agree that Lender may appoint a keeper of the Vehicle under La. Rev. Stat. 9:5136 to 9:5140.2 et seq. if the Vehicle is taken from You through legal proceedings. You and Lender agree to appoint Harley-Davidson Credit Corp. or its designee as the keeper or receiver of the Vehicle. The appointment will take effect, at the option of Lender, immediately upon any seizure that is incident to any action Lender may bring to enforce this Contract.

**16. Getting the Vehicle Back After Repossession.** If Lender repossesses the Vehicle, You may have the right to get it back. Only if You reside in CA, CT, IL, MD, MS, NY, or RI AND You and Your account are eligible for reinstatement under the laws of that state (some reinstatement states place limits on how often you may reinstate Your Contract after repossession of the Vehicle), You may get the Vehicle back by paying the unpaid past due payments plus the earned and unpaid part of the Finance Charge and all other amounts due, including the cost of retaking, holding, preparing for disposition, processing, and disposing of the Vehicle, unless specifically prohibited by law.

You may redeem the Vehicle by paying the *entire amount You owe* on the Contract (not just past due payments). The amount You owe will be the entire unpaid balance of the Amount Financed plus the earned and unpaid part of the Finance Charge and all other amounts due, including the cost of retaking, holding, preparing for disposition, processing, and disposing of the Vehicle unless specifically prohibited by law. Your right to redeem will end when either (1) a contract for the sale, lease or other disposition has been entered into by Lender; (2) Lender has disposed of the Vehicle; or (3) Lender has agreed to accept the Vehicle in satisfaction of the obligation.

**17. Sale of the Repossessed Vehicle.** Before selling the Vehicle, Lender will mail a written notice of sale as mandated by applicable state law. If You do not redeem the Vehicle, reinstate Your contract, or cure Your payment Default (whichever is applicable) by the date on the notice, Lender can sell it. Lender will use the net proceeds of the sale to pay all or part of Your debt. To calculate the amount You owe after the sale, Lender will subtract the net proceeds of the sale or fair market value, where specifically required by law, from the balance of Your debt.

Unless specifically prohibited by applicable laws, the net proceeds of sale will be prioritized to apply in this order: Any subsequent charges and any cost for retaking, holding, preparing for disposition, processing, and disposing of the Vehicle, and either a portion, or all, of attorney's fees and court costs will be subtracted from the selling price.

If You owe Lender less than the net proceeds of sale, Lender will pay You the difference, unless Lender is required to pay it to someone else.

If You owe more than the net proceeds of the sale, You will be liable for payment to Lender of the difference between the net proceeds of the sale and what You owe (deficiency balance) when Lender asks for it, unless prohibited by state laws. If You do not pay this amount when asked, You may also be charged interest on the deficiency balance at a rate that is based on the Annual Percentage Rate in this Contract, subject to limits under applicable laws, until You do pay all You owe to Lender.

**18. Collection Costs.** After Default, You agree that Lender can charge actual and reasonable expenses incurred by it in attempting to protect Our security interest and/or collect the debt owed by You, locate You and/or the Co-Borrower and/or locate the Vehicle, unless specifically prohibited by applicable law. In the event that Your obligation is referred to an attorney who is not a salaried employee of Lender to collect what You owe, the prevailing party will be entitled to reasonable attorney's fees, costs, and court costs, unless specifically prohibited by applicable law.

**19. Delay in Enforcing Rights; Changes to This Contract.** Lender can delay or refrain from enforcing any of its rights under this Contract without losing them. For example, Lender may extend the time for making some payments without extending others.

Lender may be required by state or federal law to change the terms and conditions of this Contract, and You agree to be bound by any document provided by Lender that implements those changes. Any change in terms of this Contract must be in writing and signed by Lender. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

**20. Statements.** Upon written request from You, Lender will provide You with a written statement of the date and amounts of payments and the total amount unpaid on this Contract.

**21. Monthly Statements.** Monthly statements may be provided as a courtesy to You. If You do not receive a monthly statement, it does not excuse Your obligation to make Your scheduled monthly payment.

**22. Applicable Law.** This Contract has been submitted for acceptance and is deemed to have been executed in Carson City, Nevada. Eaglemark Savings Bank is chartered and regulated by the State of Nevada Department of Business and Industry, Financial Institutions Division. You may contact them at P.O. Box 3239 Carson City, NV 89702 or call (775) 688-1730. Eaglemark Savings Bank is also regulated by the Federal Deposit Insurance Corporation and has the right under Federal law to export interest rates, fees and other types of credit charges based on the laws of the State of Nevada. Except to the extent specified elsewhere in this Contract by reference to a particular state and the provision of law to be applied, this Contract and Your account will be governed by the laws of the State of Nevada and applicable Federal law.

Notice to Colorado residents: Colorado law will be applied in the servicing of this loan, except where preempted or authorized by federal law, including but not limited to: Federal law and Nevada law with respect to interest rates, fees as well as other types of interest and credit charges as contemplated by laws such as 12 USC § 1831d, as well as the Federal Arbitration Act (9 U.S.C. § 1 et seq.).

**23. Warranties Lender Disclaims. You understand that Lender is not offering any warranties and that there are no implied warranties of merchantability, of fitness for a particular purpose, or any other warranties, expressed or implied by Lender, covering the Vehicle.**

This provision does not affect any warranties covering the Vehicle which may be provided by the manufacturer of the Vehicle.

**24. Notice of Assignment.** Upon receipt and funding of this Contract by ESB, some or all of the rights in the Contract will automatically be assigned to Harley-Davidson Credit Corp., pursuant to the Master Assignment Agreement or Participation Agreement in effect between ESB and Harley-Davidson Credit Corp.

**25. Guarantors and Co-Obligors.** The holder of this Contract may share Your account information, including, but not limited to, non-public personal information, with any and all Guarantors and/or Co-Obligors under this Contract which may be the dealer identified on page one of this Contract.

**26. Dispute Resolution and Arbitration. Agreement to Arbitrate.**

**Military Lending Act Notice:** For loans not exempt from the Military Lending Act, this section in its entirety, does not apply if You are a Covered Borrower, as defined by 10 U.S.C. § 987 and 32 C.F.R. § 232.3(g) under the Military Lending Act, on the date You enter into and sign this Contract and for the period of time You are classified as a Covered Borrower.

**Any arbitration under this Contract will take place on an individual basis; class actions, class arbitrations, and representative actions are not permitted.**

**You expressly waive any right to have and arbitrate a class action and You will not be able to participate as a representative or member of any class of claimants ("Class Action Waiver").**

**You also agree that, by entering into this Contract, You and We each waive any right to a trial by jury.**

This arbitration provision relates to a transaction (or transactions) involving interstate commerce. The parties acknowledge and agree that this clause and the Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern any and all Claims (defined below) between You (as well as your agents, heirs, and assigns) on the one hand, and ESB and/or any of ESB's successors, assigns, parents, subsidiaries, or affiliates and/or any employees, officers, directors, agents, of the aforementioned on the other hand. The parties agree to arbitrate any and all claims, controversies, or disputes including but not limited to those arising out of or relating in any way to Your loan or account, this Contract, advertising or claims relating to this Contract, or the sale of this Contract, whether in contract, tort, statute, or otherwise, as well as recovery of any claim under this Contract (collectively "Claims"). Any Claims, including but not limited to the applicability of this arbitration clause, shall be resolved by neutral binding arbitration on an individual basis without resort to any form of class action or any other collective or representative proceeding before the American Arbitration Association ("AAA" or "Arbitration Forum"). You may obtain a copy of the rules by visiting their website.

The arbitration shall take place in the federal district in which You reside, unless another location is mutually agreed upon by the parties, or another jurisdiction is required to make this clause enforceable. The arbitrators shall be attorneys or retired judges selected in accordance with AAA rules. The arbitration award shall be in writing, and shall detail the factual and legal reasons for any award or findings.

An award in arbitration will be enforceable under the Federal Arbitration Act by any court having jurisdiction. If either party fails to abide by the rulings of the arbitrator, then the parties have the right to seek relief from a court of competent jurisdiction.

You and We retain the right to seek limited provisional remedies from a court (for example, We can seek and obtain a replevin order, or other order supporting repossession of the Vehicle, from a court); the remainder of the matter will then proceed to arbitration.

## OTHER IMPORTANT AGREEMENTS (Continued)

If any portion of this arbitration provision other than the Class Action Waiver is deemed invalid or unenforceable, the remaining portions of this arbitration provision shall remain valid and in force. If the Class Action Waiver shall be deemed invalid or unenforceable for any reason, the arbitration provision in this Contract shall be unenforceable. In the event of conflict or inconsistency between this arbitration provision and the other provisions of this Contract or any prior agreement, this arbitration provision shall govern. This provision shall survive the termination of any contractual agreement between You and Us.

**Costs**

If We initiate arbitration, We will pay the entire arbitration filing fee. If You initiate arbitration, We will reimburse you for the filing fee, unless the arbitrator decides that any of Your Claims are frivolous (using the standards set forth in Rule 11 of the Federal Rules of Civil Procedure) in which case We will reimburse You only one-half of the filing fee. We will also pay (or reimburse) the actual costs and fees imposed by the arbitrator, unless the arbitrator decides that any of Your Claims are frivolous (using the standards set forth in Rule 11 of the Federal Rules of Civil Procedure) in which case We will pay (or reimburse) only one-half of the actual costs and fees. Costs and fees for attorneys are addressed immediately below.

**Attorney Fees**

Unless the arbitrator decides that any of Your Claims are frivolous (using the standards set forth in Rule 11 of the Federal Rules of Civil Procedure), We cannot obtain attorney fees from You even if We prevail in the arbitration. However, in the event that the arbitrator decides that any one of Your Claims was frivolous, then the arbitrator can award Us reasonable attorney fees and costs. If the arbitrator decides that You have prevailed in the arbitration, then the arbitrator may award You reasonable attorney fees and costs You incurred.

**Arbitration Award**

If the arbitrator finds in Your favor on the merits of at least one Claim alleged by You, AND the arbitrator issues You an award that is greater than the latest offer We made to you AND either equal to or less than $10,000 then We will pay You $10,000, instead of the arbitrator's award, and We will pay Your attorney 1.5 times the amount of attorney fees and costs awarded to You by the arbitrator.

The arbitrator's award shall be final and binding upon the parties.

**Opt-out option**

You have the opportunity to opt out of this Arbitration Clause, but any request must be RECEIVED in writing by Us within sixty (60) days of the date of this Contract. To opt out, You may contact Us at (800) 699-2336 to request an opt-out form, OR you may also opt-out of this Arbitration Clause by sending a letter indicating Your choice to opt-out of this clause, and referencing Your name, address, and account number, to:

Harley-Davidson Credit Corp.
Arbitration Opt-Out
PO Box 21947
Carson City, NV 89706

If We do not **RECEIVE** Your **COMPLETED** opt-out form within the time set forth above, any attempt to opt out of this Arbitration Clause shall be void. If You do choose to opt-out, You understand that You will waive any protections or benefits provided under this clause, such as any benefits to You under the headings entitled "Costs," "Attorney Fees," or "Arbitration Award."

**27. Proceeds.** You hereby authorize and direct Lender to forward any and all proceeds of this Contract to the Dealer and others identified on the front of this Contract.

**28. Entire Agreement.** Unless You are a Covered Borrower and Your loan is not exempt from the Military Lending Act, this Contract represents the final and entire agreement between the parties, unless amended in writing and approved by Lender (e.g. GAP waiver). If any statement or representation conflicts with any term(s) in this Contract, the term(s) in this Contract shall prevail. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. If You are a Covered Borrower and Your loan is not exempt from the Military Lending Act, then the terms of this Contract expressly include the "Notice to Covered Borrowers", which Lender provided to You in writing and in a form You can keep at or before the time You became obligated on this transaction.

If any provision of this Contract We have not identified is contrary to the rights and protections afforded to You by the Military Lending Act, including, but not limited to 32 C.F.R. § 232.8, or if any provision shall be found to be a violation of such protections, then the conflicting provisions or proscribed terms are inapplicable, and shall have no force or effect.

**29. Severability.** If a court or arbitrator with competent jurisdiction finds that any portion of this Contract is void or unenforceable for any reason, all other portions of this Contract shall remain in force. The foregoing shall not apply to the arbitration clause, above, which has its own severability provisions.

**30. Telephone Communications.** You agree that We may monitor and record telephone calls regarding this Contract to assure the quality of Our service. You consent to Our use of prerecorded/artificial voice messages and/or automatic telephone dialing devices to contact You in order to service or collect payments due under this Contract. You understand that Your consent to receive such prerecorded/artificial voice messages and/or automatic telephone dialing devices to contact You is bargained-for consideration for entering into this Contract. Your consent covers Our use of these contact methods to call, or send text messages to, any telephone number You provide to Us (or any telephone number We obtain via allowable methods under law, rule, or regulation). Moreover, You expressly consent to Our use of prerecorded/artificial voice messages and/or automatic telephone dialing devices to contact telephone numbers for which You may incur a charge, such as a number assigned to a cellular telephone service.

**31. Questions on Your Account.** To contact Lender about this account, call (800) 699-2336.

**32. Name and Address of Lender's Title Processor and Service Provider.** You hereby agree and acknowledge that Lender may use a third-party service provider to register and process Vehicle titles.

# Eaglemark Savings Bank

P.O. Box 22048
Carson City, NV 89721


A subsidiary of Harley-Davidson Credit Corp.

---

**COLORADO RESIDENTS ONLY:** If this transaction contains a fee or premium for guaranteed automobile protection, all holders and assignees of this consumer credit transaction are subject to all claims and defenses which the consumer could assert against the original creditor resulting from the consumer's purchase of guaranteed automobile protection.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

| Debtor | | Date-Time filed | File No. | Amount |
|---|---|---|---|---|
| WILLIAMS, MICHAEL J<br>145 SHELBY BROOKS LN<br>LONDON, KY 40744 | | 01/25 4:31 pm | 231266 - 0 | $22 00 |

Full Release _____

**TERMINATION STATEMENT**
The undersigned secured party of record no longer claims a security interest under the financing statement or security agreement referred to herein

Dated this _____ day of _____

Description of Collateral __
23 HD FLHRXS
1HD1KVP19PB616318

Signed _____
(if individual)

_____
(if corporation)

Secured Party
EAGLEMARK SAVINGS BANK
PO BOX 277940
SACRAMENTO CA 95827

by _____
(authorized agent)

LAUREL CO CLERK     TONY BROWN, CLERK     101 SOUTH MAIN ST     LONDON, KY 40741