UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

MICHAEL JASON WILLIAMS

    DEBTOR

CASE NO. 24-60490
CHAPTER 11
SUBCHAPTER V

**MOTION FOR AN ORDER AUTHORIZING SALE OF ESTATE PROPERTY
FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES
AND TO SHORTEN NOTICE OF HEARING**

Comes Michael Jason Williams (the "Debtor"), by counsel, and pursuant to 11 U.S.C. §§ 105(a), 363(b) and (f) and Fed. R. Bankr. P. 2002, 9006 and 9014 hereby moves the Court for authority to sell the real property and improvements known as 145 Shelby Brooks Lane, London, Kentucky 40744 (the "Residence") via a private sale to Mark Parrigan ("Buyer") for the sum of $750,000, subject to deduction for ordinary and reasonable costs of sale, with the proceeds to be distributed a) to satisfy the mortgage in favor of NexBank, f/k/a NexBank SSB; b) one-half of the balance to the Debtor's non-filing spouse, Carla M. Williams; c) $27,900.00 of the remaining one-half to the Debtor as his claimed exemption; and d) the remaining balance to be held in escrow pending further orders of this Court. The Debtor further moves the Court to shorten the time for notice of a hearing on this Motion. In support of this Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. On May 24, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor is operating his business as a debtor and debtor in possession.

2. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.  The Debtor is an individual residing in Laurel County, Kentucky. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4.  On June 4, 2024, Charity S. Bird was appointed as the Subchapter V trustee.

## BACKGROUND

5.  The Residence consists of an approximately 2,500 square foot home, garage and swimming pool on a .81 acre lot. The Debtor and his non-debtor spouse purchased the Residence in March of 2022 for $750,000.00. The Residence is in need of a new roof, with an estimated cost of $30,000.00. A copy of the PVA listing of the Residence from December 21, 2023 is attached as Exhibit A.

6.  Although the Debtor and his spouse were approached by the Buyer with an unsolicited letter of intent to purchase the Residence. A copy of the letter of intent is attached as Exhibit B. Upon information and belief, the Buyer has been approved for financing and desires to promptly complete the purchase of the Residence. The Debtor's non-debtor spouse will consent to transferring her interest in the Residence in exchange for one-half of the net sale proceeds. The Debtor will not incur any realtor commissions in connection with the proposed sale of the Residence.

7.  The Residence is encumbered by a mortgage which appears to be properly recorded and assigned to NexBank, as reflected by its proof of claim [Claim No. 21][1]. The Debtor and his non-filing spouse were current on mortgage payments on the Petition Date and have continued to make regular mortgage payments during the pendency of this case.

## RELIEF REQUESTED

8.  The Debtor seeks authority to sell the Residence, free and clear of all liens or claims thereon with the interest of any party asserting a lien or claim thereon attaching to the proceeds of

---

[1] The legal description appended to the mortgage lists two tracts – one of .81 acres and one of .76 acres. The .76 acre tract was erroneously included, and was removed from the property description by deed of correction recorded on June 16, 2022 in Deed Book 790, Page 433 in the Laurel County Clerk's office.

the sale in the same order of rank, validity, and priority as they presently may exist with respect to the Residence and subject to the terms described herein. Upon information and belief, NexBank is the only party asserting a lien on the Residence, as reflected by its proof of claim [Claim No. 21].

9. The Letter of Intent was accepted by the Debtor and his non-filing spouse on September 11, 2024 and although it does not set a deadline for closing, the Debtor has been advised that the Buyer is willing and able to close the sale promptly. The Debtor does not want to risk losing the sale on the current favorable terms and conditions. The Debtor has determined that a sale of the Residence will generate funds for distribution to creditors and that moving to a less expensive residence will also benefit creditors by reducing living expenses. The Debtor and his non-filing spouse believe the proposed sale price is the most reasonable and highest offer they will receive for the Residence, especially in light of the fact there are repairs needed and there will be no sales commission. Neither the Debtor nor his non-filing spouse are related to the Buyer, nor do they have any business or other relationships with the Buyer. Accordingly, the Debtor submits the proposed sale is an arms' length, fair market value transaction and that the Buyer is entitled to the protection afforded to a "good faith" buyer.

10. The Debtor believes that sale of the Residence on the terms set forth in the letter of intent is reasonable and benefits his Estate. The Debtor further requests waiver of the fourteen-day period of Fed. R. Bankr. P. 6004, so that any Order shall be effective immediately upon entry.

11. Accordingly, to avoid additional expense and delay to the Estate, the Debtor and his non-filing spouse request that the Court approve the sale of the Residence and permit them to consummate the sale to the Buyer as set forth in the letter of intent and Order tendered herewith.

## **STATUTORY AUTHORITY**

12. Entry of an Order approving the sale of the Residence to the Buyer is appropriate under the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides that "the trustee, after

3

notice and hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." Section 1107(a) of the Bankruptcy Code grants a debtor in possession the powers of a trustee with respect to various matters including sales under 11 U.S.C. § 363(b). The paramount goal of any proposed sale of property of a debtor is to maximize the value received by the estate. *See, e.g., In re Family Christian, LLC,* 533 B.R. 600 (Bankr. W.D. Mich. 2015) ("The Debtors, in conducting the sale process, have a fiduciary duty to maximize the value of their estates.") This Court's power to authorize a sale under 11 U.S.C. § 363(b) is to be exercised at its discretion.

13. Sales under § 363(b) are subject to the debtor's business judgment. Where a debtor believes in the exercise of its business judgment that such a use, sale, or lease of property of its bankruptcy estate is in the best interests of the debtor and its estate, the debtor may enter into such a transaction outside the ordinary course of business. *See, e.g.*, *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986) (holding that "a bankruptcy court can authorize a sale of all of a Chapter 11 debtor's assets under § 363(b)(1) when a sound business purpose dictates such action.") Sound business reasons exist to justify the sale of the Residence as set forth herein. The monthly mortgage payment, including insurance and taxes, is approximately $3,850.00 per month. The Debtor and his non-filing spouse are willing and able to relocate to a residence that will have a lower monthly payment. Therefore, this sale is in the best interests of the Debtors' Estate and should be approved by this Court.

14. Section 363(f) of the Bankruptcy Code authorizes the sale of property under 11 U.S.C. § 363(b) to be free and clear of interests in such property held by an entity if:

    (a)    applicable non-bankruptcy law permits a sale of such property free and clear of such interests;

    (b)    such entity consents;

    (c)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

     (d)    such interest is in bona fide dispute; or

     (e)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). A debtor need only satisfy one of the requirements set forth in 11 U.S.C. § 363(f) to justify approval of a sale free and clear of liens and interests. *Mich. Employment Security Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) ("... the language of section 363(f) is disjunctive and the sale free and clear of the interest concerned can occur if any one of the conditions of section 363(f) have been met . . . .") (internal citation omitted). The proposed sale will generate funds in an amount in excess of the existing liens against the Residence, thereby satisfying the requirement of 11 U.S.C. § 363(f)(3).

    15.    Section 363(h) of the Bankruptcy Code authorizes the sale of the interest of a co-owner of property under 11 U.S.C. § 363(b) if:

     (a)    partition in kind of such property among the estate and such co-owners is impractible;

     (b)    sale of the estate's undivided interest in such property would realize significantly less for the estate than the sale of such property free of the interests of such co-owners;

     (c)    the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

     (d)    such property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light or power.

The Debtor submits that all four elements of Section 363(h) are met, however, the Debtor's non-filing spouse is amenable to the sale of the Residence, as evidenced by the letter of intent. In addition, the Debtor intends to comply with the requirements of 11 U.S.C. § 363(j) and compensate his non-filing spouse for her one-half interest in the Residence from the net sale proceeds.

16. The Buyer has no connections with the Debtor or his non-debtor spouse and is entitled to the protections of 11 U.S.C. § 363(m).

17. The Residence does not include any personally identifiable information. Therefore, there are no measures that must be taken in order to comply with 11 U.S.C. § 363(b)(1).

WHEREFORE, the Debtor respectfully requests entry of an order authorizing the Debtor to sell the Residence, free and clear of all liens or claims thereon as provided herein, to shorten the time for notice of a hearing this Motion to that provided by service hereof, and for any other relief the Court deems just and proper.

## NOTICE

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, United States Courthouse Annex, U.S. District Courtroom C (3rd Floor), 310 South Main Street, London, KY, on Thursday, September 25, 2024 at the hour of 10:00 a.m. (ET), or as soon thereafter as counsel may be heard.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/  Dean A. Langdon
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by first-class U.S. mail, postage prepaid, on September 18, 2024, upon all creditors and parties in interest.

/s/  Dean A. Langdon, Esq.
COUNSEL FOR DEBTOR

)/Pleadings/Sale Mot Residence 20240916.doc