UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

MICHAEL JASON WILLIAMS

    DEBTOR

CASE NO. 24-60490
CHAPTER 11
SUBCHAPTER V

**ORDER AUTHORIZING SALE OF ESTATE PROPERTY
FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES
AND SHORTENING NOTICE OF HEARING**

This matter having come on for hearing upon the motion (the "Sale Motion") of Michael Jason Williams (the "Debtor") for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 363(b) and (f) and Fed. R. Bankr. P. 2002, 9006 and 9014, approving the sale by the Debtor and his non-debtor spouse of the Residence[1] to Mark Parrigan, and notice of the sale having been given; it further appearing that no objections have been filed or any timely objections being hereby overruled; and the Court being otherwise sufficiently advised;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the sale of the Residence pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this Chapter 11 case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Adequate and sufficient notice of the sale of the Residence has been provided in accordance with 11 U.S.C. §§ 102(1) and 363 and Fed. R. Bankr. P. 2002, 6004 and 9014, including to all creditors who have asserted or who could assert liens and claims; such notice was

---

[1] Terms not defined herein shall have the same meanings as given to them in the Motion.

good and sufficient, and appropriate under the particular circumstances; and no other or further notice of the Sale Motion, the hearing date and/or the sale of the Residence shall be required.

3. The sale of the Residence more specifically described in the Sale Motion for a sale price of $750,000.00 is hereby approved, and the Debtor and his non-debtor spouse may consummate the Sale, pay reasonable closing costs and distribute the sale proceeds as follows: a) to satisfy the mortgage in favor of NexBank, f/k/a NexBank SSB; b) one-half of the balance to the Debtor's non-filing spouse, Carla M. Williams; c) $27,900.00 of the remaining one-half to the Debtor as his claimed exemption; and d) the remaining balance to be held in escrow pending further orders of this Court. The Debtor shall file a Report of Sale within ten (10) days after closing.

4. The Debtor is authorized, empowered and directed to perform his obligations under the terms of the letter of intent and to take such actions as are necessary to effectuate the sale of the Residence, including but not limited to, executing or consenting to any documents with the Buyer.

5. Pursuant to 11 U.S.C. § 363, title to the Residence shall pass to the Buyer free and clear of any and all liens, claims and encumbrances, to the fullest extent of the law, same to attach to the proceeds of sale to the same extent, validity and priority as to the Residence itself. The net sale proceeds from the Residence, after payment of sums set forth above, shall be deposited into the escrow account of counsel for the Debtor, to be held pending further orders of this Court. Liens in favor of NexBank shall attach to the sale proceeds to the same extent they existed on the Petition Date. NexBank shall release its mortgage lien within ten (10) business days after receipt of sale proceeds in an amount sufficient to satisfy its claim.

6. The transaction contemplated by the sale of the Residence has been bargained for and undertaken by the Buyer and the Debtor at arm's length, and in good faith within the

meaning of 11 U.S.C. § 363(m). Pursuant to 11 U.S.C. § 363(m), if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any obligation or right granted pursuant to the terms of this Order, and notwithstanding any reversal, modification, or vacatur of this Order, any actions taken by either the Buyer or the Debtor pursuant to the terms of this Order prior to the effective date of any such reversal, modification, or vacatur shall be governed in all respects by the original provisions of this Order.

7.  The provisions of this Order and any actions taken pursuant hereto shall survive any conversion or dismissal of this case and the entry of any other order which may be entered in this case, including any order (i) confirming any plan of reorganization, (ii) converting this case from Chapter 11 to Chapter 7, (iii) appointing a trustee or examiner, or (iv) dismissing the case. The terms and provisions of this Order shall continue in full force and effect and be binding upon any successor, reorganized debtor, or Chapter 7 or 11 trustee applicable to the Debtor, notwithstanding any such conversion, dismissal or order entry.

8.  This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the sale of the Residence and this Order in all respects and further to hear and determine any and all disputes with regard thereto.

9.  Pursuant to Fed. R. Bankr. P. 6004(h), this Order shall be effective immediately upon entry.

Tendered by:

DELCOTTO LAW GROUP PLLC

<u>//s/  *Dean A. Langdon*</u>
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
Email: dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR

/Pleadings/Sale Ord Residence 20240918.doc

4