UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

MICHAEL JASON WILLIAMS

    DEBTOR

CASE NO. 24-60490
CHAPTER 11
SUBCHAPTER V

## MOTION FOR AN ORDER AUTHORIZING SALE OF ESTATE PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES AND TO SHORTEN NOTICE OF HEARING

Comes Michael Jason Williams (the "Debtor"), by counsel, and pursuant to 11 U.S.C. §§ 105(a), 363(b) and (f) and Fed. R. Bankr. P. 2002, 9006 and 9014 hereby moves the Court for authority to sell the real property and improvements known as 103 Park Avenue, Crothersville, Indiana 47229 ("Park Ave.") via a private sale to Penny Moore ("Buyer") for the gross sum of $91,000, subject to deduction for expenses and reasonable costs of sale as contemplated by the Purchase Agreement attached as Exhibit A. The Debtor also seeks authority to distribute the net sale proceeds a) one-half to the Debtor's non-filing spouse, Carla M. Williams; and b) the remaining balance to be held in escrow pending further orders of this Court. In support of this Motion, the Debtor states as follows:

### JURISDICTION AND VENUE

1.    On May 24, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor is operating his business as a debtor and debtor in possession.

2.    This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.    The Debtor is an individual residing in Laurel County, Kentucky. Accordingly, venue

for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. On June 4, 2024, Charity S. Bird was appointed as the Subchapter V trustee.

## BACKGROUND

5. Park Avenue consists of a small lot and residence which the Debtor purchased for $10,000.00 in 2019 to use for business travels and avoid hotel costs. The Park Avenue property was assessed based on a value of $70,300 as of June 17, 2024, as reflected on <u>Exhibit B</u>.

6. In light of the Debtor's change in his work status, he determined that he no longer had a need for the Park Avenue property and sought to sell it to generate funds for distribution under his Subchapter V Plan of reorganization. Upon information and belief, the Buyer is seeking approval of financing and desires to promptly complete the purchase of the Residence. The Debtor's non-debtor spouse will consent to transferring her interest in the Residence in exchange for one-half of the net sale proceeds. The Debtor has agreed to pay a seller's commission of three (3%) percent in connection with the sale.

7. The Park Avenue property is not encumbered by a mortgage.

## RELIEF REQUESTED

8. The Debtor seeks authority to sell Park Avenue, free and clear of all liens or claims thereon with the interest of any party asserting a lien or claim thereon attaching to the proceeds of the sale in the same order of rank, validity, and priority as they presently may exist with respect to Park Avenue and subject to the terms described herein. Upon information and belief, there are no liens against Park Avenue other than any unpaid *ad valorem* taxes.

9. The Purchase Offer was accepted by the Debtor on September 10, 2024 and establishes a deadline of October 25, 2024 for closing. The Debtor does not want to risk losing the sale on the current favorable terms and conditions. The Debtor has determined that a sale of the Park Avenue will generate funds for distribution to creditors and that retaining the Park Avenue property

will be burdensome to the estate. The Debtor believes the proposed sale price is the most reasonable and highest offer he will receive for Park Avenue in light of the assessed value and limited realtor commission. Neither the Debtor nor his non-filing spouse are related to the Buyer, nor do they have any business or other relationships with the Buyer. Accordingly, the Debtor submits the proposed sale is an arms' length, fair market value transaction and that the Buyer is entitled to the protection afforded to a "good faith" buyer.

10. The Debtor believes that sale of the Park Avenue property on the terms set forth in the Purchase Offer intent is reasonable and benefits his Estate. The Debtor further requests waiver of the fourteen-day period of Fed. R. Bankr. P. 6004, so that any Order shall be effective immediately upon entry.

11. Accordingly, to avoid additional expense and delay to the Estate, the Debtor requests that the Court approve the sale of the Park Avenue property and permit him to consummate the sale to the Buyer as set forth in the Purchase Offer and Order tendered herewith.

## STATUTORY AUTHORITY

12. Entry of an Order approving the sale of the Residence to the Buyer is appropriate under the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides that "the trustee, after notice and hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." Section 1107(a) of the Bankruptcy Code grants a debtor in possession the powers of a trustee with respect to various matters including sales under 11 U.S.C. § 363(b). The paramount goal of any proposed sale of property of a debtor is to maximize the value received by the estate. *See, e.g., In re Family Christian, LLC,* 533 B.R. 600 (Bankr. W.D. Mich. 2015) ("The Debtors, in conducting the sale process, have a fiduciary duty to maximize the value of their estates.") This Court's power to authorize a sale under 11 U.S.C. § 363(b) is to be exercised at its discretion.

13. Sales under § 363(b) are subject to the debtor's business judgment. Where a debtor believes in the exercise of its business judgment that such a use, sale, or lease of property of its bankruptcy estate is in the best interests of the debtor and its estate, the debtor may enter into such a transaction outside the ordinary course of business. *See, e.g.*, *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986) (holding that "a bankruptcy court can authorize a sale of all of a Chapter 11 debtor's assets under § 363(b)(1) when a sound business purpose dictates such action.") Sound business reasons exist to justify the sale of Park Avenue as set forth herein. The Debtor no longer needs the property to mitigate business expenses and the sale will eliminate expenses such as insurance and maintenance associated with Park Avenue. Therefore, this sale is in the best interests of the Debtors' Estate and should be approved by this Court.

14. Section 363(f) of the Bankruptcy Code authorizes the sale of property under 11 U.S.C. § 363(b) to be free and clear of interests in such property held by an entity if:

(a) applicable non-bankruptcy law permits a sale of such property free and clear of such interests;

(b) such entity consents;

(c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(d) such interest is in bona fide dispute; or

(e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). A debtor need only satisfy one of the requirements set forth in 11 U.S.C. § 363(f) to justify approval of a sale free and clear of liens and interests. *Mich. Employment Security Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (". . . the language of section 363(f) is disjunctive and the sale free and clear of the interest concerned can occur if any one of the conditions of section 363(f) have been met . . . .") (internal

4

citation omitted). There are no existing liens against Park Avenue other than *ad valorem* taxes, which the Debtor proposed to pay form closing proceeds. Thus, the requirements of 11 U.S.C. § 363(f) are satisfied.

15. Section 363(h) of the Bankruptcy Code authorizes the sale of the interest of a co-owner of property under 11 U.S.C. § 363(b) if:

> (a) partition in kind of such property among the estate and such co-owners is impractible;
>
> (b) sale of the estate's undivided interest in such property would realize significantly less for the estate than the sale of such property free of the interests of such co-owners;
>
> (c) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (d) such property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light or power.

The Debtor submits that all four elements of Section 363(h) are met, however, the Debtor's non-filing spouse is amenable to the sale of Park Avenue. In addition, the Debtor intends to comply with the requirements of 11 U.S.C. § 363(j) and compensate his non-filing spouse for her one-half interest in Park Avenue from the net sale proceeds.

16. The Buyer has no connections with the Debtor or his non-debtor spouse and is entitled to the protections of 11 U.S.C. § 363(m).

17. The Park Avenue property does not include any personally identifiable information. Therefore, there are no measures that must be taken in order to comply with 11 U.S.C. § 363(b)(1).

WHEREFORE, the Debtor respectfully requests entry of an order authorizing the Debtor to sell Park Avenue free and clear of all liens or claims thereon as provided herein, and for any other relief the Court deems just and proper.

## NOTICE

Please take notice that that a final order granting the relief requested by this Motion may be entered without further notice or hearing unless an objection to the Motion, properly noticed for hearing in London, Kentucky on October 16, 2024, is filed within twenty-one (21) days of the date of service of this pleading.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/  *Dean A. Langdon*
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by first-class U.S. mail, postage prepaid, on September 25, 2024, upon all creditors and parties in interest.

/s/  Dean A. Langdon, Esq.
COUNSEL FOR DEBTOR

/Pleadings/Sale Mot Park ave 20240924.doc