UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

MICHAEL JASON WILLIAMS

    DEBTOR

CASE NO. 24-60490
CHAPTER 11
SUBCHAPTER V

**ORDER AUTHORIZING SALE OF ESTATE PROPERTY**
**FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**

This matter having come on for hearing upon the motion (the "Sale Motion") of Michael Jason Williams (the "Debtor") for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 363(b) and (f) and Fed. R. Bankr. P. 2002, 9006 and 9014, approving the sale by the Debtor and his non-debtor spouse of the Park Avenue[1] property to Penny Moore, and notice of the sale having been given; it further appearing that no objections have been filed or any timely objections being hereby overruled; and the Court being otherwise sufficiently advised;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the sale of Park Avenue pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this Chapter 11 case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Adequate and sufficient notice of the sale of Park Avenue has been provided in accordance with 11 U.S.C. §§ 102(1) and 363 and Fed. R. Bankr. P. 2002, 6004 and 9014, including to all creditors who have asserted or who could assert liens and claims; such notice was

---

[1] Terms not defined herein shall have the same meanings as given to them in the Motion.

good and sufficient, and appropriate under the particular circumstances; and no other or further notice of the Sale Motion, the hearing date and/or the sale of Park Avenue shall be required.

3. The sale of Park Avenue more specifically described in the Sale Motion for a sale price of $91,000.00 is hereby approved, and the Debtor and his non-debtor spouse may consummate the Sale, pay expenses and reasonable costs of sale as contemplated by the Purchase Agreement distribute the sale proceeds as follows: a) one-half to the Debtor's non-filing spouse, Carla M. Williams; and b) the remaining balance to be held in escrow pending further orders of this Court. The Debtor shall file a Report of Sale within ten (10) days after closing.

4. The Debtor is authorized, empowered and directed to perform his obligations under the terms of the letter of intent and to take such actions as are necessary to effectuate the sale of Park Avenue, including but not limited to, executing or consenting to any documents with the Buyer.

5. Pursuant to 11 U.S.C. § 363, title to Park Avenue shall pass to the Buyer free and clear of any and all liens, claims and encumbrances, to the fullest extent of the law, same to attach to the proceeds of sale to the same extent, validity and priority as to the Park Avenue property itself. The net sale proceeds from Park Avenue, after payment of sums set forth above, shall be deposited into the escrow account of counsel for the Debtor, to be held pending further orders of this Court.

6. The transaction contemplated by the sale of Park Avenue has been bargained for and undertaken by the Buyer and the Debtor at arm's length, and in good faith within the meaning of 11 U.S.C. § 363(m). Pursuant to 11 U.S.C. § 363(m), if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any obligation or right granted pursuant to the terms of this Order, and

notwithstanding any reversal, modification, or vacatur of this Order, any actions taken by either the Buyer or the Debtor pursuant to the terms of this Order prior to the effective date of any such reversal, modification, or vacatur shall be governed in all respects by the original provisions of this Order.

7. The provisions of this Order and any actions taken pursuant hereto shall survive any conversion or dismissal of this case and the entry of any other order which may be entered in this case, including any order (i) confirming any plan of reorganization, (ii) converting this case from Chapter 11 to Chapter 7, (iii) appointing a trustee or examiner, or (iv) dismissing the case. The terms and provisions of this Order shall continue in full force and effect and be binding upon any successor, reorganized debtor, or Chapter 7 or 11 trustee applicable to the Debtor, notwithstanding any such conversion, dismissal or order entry.

8. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the sale of the Residence and this Order in all respects and further to hear and determine any and all disputes with regard thereto.

9. Pursuant to Fed. R. Bankr. P. 6004(h), this Order shall be effective immediately upon entry.

Tendered by:

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
Email : dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR
/Pleadings/Sale Ord Park Ave 20240924.doc

3

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Monday, October 21, 2024**
(grs)