UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

MICHAEL JASON WILLIAMS

    DEBTOR

CASE NO. 24-60490
CHAPTER 11
SUBCHAPTER V

## MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PRIORITY CLAIMS

Comes Michael Jason Williams (the "Debtor"), by counsel, and pursuant to 11 U.S.C. §§ 105(a), 363(b)(1), 507(a)(8), 1184 and Fed. R. Bankr. P. 3012 hereby moves the Court for authority to pay all claims entitled to priority under Section 507(a)(8) of the Bankruptcy Code from funds of the Estate. In support of this Motion, the Debtor states as follows:

### JURISDICTION AND VENUE

1. On May 24, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor was operating his business as a debtor and debtor in possession on the Petition Date

2. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (M).

3. The Debtor is an individual who resided in Laurel County, Kentucky on the Petition date. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. On June 4, 2024, Charity S. Bird was appointed as the Subchapter V trustee.

## BACKGROUND

5.      Mr. Williams has worked in the cattle industry for all of his adult life, beginning with a company founded by his great-grandfather. He is the majority or sole owner of five entities through which business has previously conducted: Williams & Son Livestock, LLC ("Williams & Sons"); J Williams Cattle, LLC ("JW Cattle"); JW Livestock, LLC ("JW Livestock"), Cowboy Capone, LLC ("Capone"), and Laurel Livestock Market, Inc. ("Laurel Livestock," and with the other companies, the "Businesses"). Mr. Williams worked as an independent cattle broker on the Petition Date, but subsequently lost his sole client and has been seeking employment.

6.      The Business Entities are either no longer operating or winding down their operations. JW Cattle was formed in August 2022 in an effort to assume the business of raising, purchasing and selling cattle which had been conducted by Williams & Son. Williams & Son was initially owned by Mr. Williams and his father. Mr. Williams assumed sole ownership in 2019, but the company was burdened by substantial debts and effectively stopped operating in 2022. JW Livestock engaged in cattle transportation throughout the southeast, northeast and midwestern United States, at one time operating numerous tractors and trailers. However, JW Livestock experienced substantial fluctuations in business due to market factors and was ultimately unable to service the debts incurred to acquire its rolling stock. JW Livestock has permitted its secured lenders to recover their collateral and has ceased operations. Laurel Livestock owned and operated a stockyard operation in London, Kentucky which was sold prior to the Petition Date will all proceeds going to pay liens securing its assets.

7.      Although Mr. Williams continued to engage in business in the cattle industry postpetition, a consequence of the winding down of Mr. Williams' businesses is substantial personal exposure on debts incurred by the businesses, including liability for trust fund taxes owed by one or more of such businesses.

8. Mr. Williams timely filed a Plan on August 16, 2024 [ECF No. 28]. On August 19, 2024 the Court entered its Order Fixing Time for Filing Acceptances or Rejections of Chapter 11 Subchapter V Plan, and Notice of Confirmation Hearing (the "Hearing Order") [ECF No. 30]. Confirmation of the Plan has been continued generally while Mr. Williams seeks employment.

9. Mr. Williams has assets with equity and has liquidated substantial assets during the pendency of this case. See ECF Nos. 66, 74, 78. Consequently, Mr. Williams' counsel is holding the sum of $164,576.85 in sale proceeds.

10. Mr. Williams scheduled tax debts to the Kentucky Department of Revenue ("KDOR") and the United States Internal Revenue Service ("IRS"). Both taxing authorities have filed claims – Claim No. 25 on behalf of KDOR and Claim No. 26 on behalf of the IRS. They allege priority claims in the amounts of $1,706.45 and $112,347.07 respectively. The accountant for Mr. Williams' businesses has reviewed the claims and believes them to be accurate. Additionally, the deadline for governmental units to file claims ran on November 20, 2024 [ECF No. 12].

## RELIEF REQUESTED

11. The Debtor seeks authority to pay KDOR and the IRS the amounts set forth as priority claims via their proofs of claim in full satisfaction of the priority portion of such claims. The sale proceeds held by Debtors' counsel are not subject to any liens, nor are there any other known claims entitled to priority treatment under 11 U.S.C. § 507. Paying the tax priority claims at this time will end any accrual of interest, to the benefit of the Estate.

## STATUTORY AUTHORITY

12. Section 507 of the Bankruptcy Code sets forth the priority for payment of allowed claims. Section 507(a)(8) provides that allowed unsecured claims of governmental units (KDOR and the IRS) are entitled to priority to the extent they are for "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C). The taxes set

3

forth on the claims of the KDOR and IRS fall into this category as they are for taxes required to be withheld from wages paid by the Debtors' businesses.[1] The Debtor does not owe any other claims entitled to priority other than administrative expenses of the Estate payable pursuant to 11 U.S.C. § 507(a)(2). Administrative expenses to date consist of professional fees, and fees in the amount of $21,545.47 have been approved on an interim basis [ECF No. 84]. The Debtor does not expect administrative expenses to increase substantially, although he acknowledges the Subchapter V Trustee will be entitled to compensation for her efforts. Payment of the priority claims of the KDOR and IRS would leave a balance of $53,936.23 of sale proceeds on hand.

13. Authority for the Motion may be found in 11 U.S.C. § 1184, which grants a Subchapter V debtor in possession certain powers which would be exercisable by a Chapter 11 trustee, including the authority to operate the debtor's business. The Debtor submits that resolving the priority debts of his closely-held businesses is a part of winding down their operations, and falls within the powers granted under the Bankruptcy Code. Additionally, this Motion complies with the requirements of 11 U.S.C. § 363(b) and (c) as it seeks court approval for the use of Estate property after notice and a hearing on said request.

14. Further support for the Motion is found in Fed. R. Bankr. Proc. 3012, which authorizes a party in interest to seek a court determination of the amount of a claim entitled to priority and dictates such a request be made via motion. Fed. R. Bankr. Proc. 3012(a), (b). Accordingly, the Motion seeks a determination by the Court that the priority portion of the claims filed on behalf of the KDOR and IRS be allowed as set forth therein, and that the Debtor be authorized to pay such claims from funds of the Estate.

---

1 Approximately $350 of the IRS claim is for "heavy vehicle" taxes. In light of the de minimus amount, the Debtor has not verified these qualify for priority treatment.

15. Finally, authorization to pay the priority claims of the KDOR and IRS falls squarely within the scope of 11 U.S.C. § 105(a), which authorizes this Court to "issue an order…that is necessary or appropriate to carry out the provisions of this title." Paying claims entitled to priority when an estate is administratively solvent falls well within this grant of power.

WHEREFORE, the Debtor respectfully requests entry of an order authorizing the Debtor to pay the priority portions of the claims filed on behalf of the KDOR and IRS in full satisfaction of such priority claims, and for any other relief the Court deems just and proper.

## **NOTICE**

Please take notice that a final order granting the relief requested by this Motion may be entered without further notice or hearing unless an objection to the Motion, properly noticed for hearing, is filed within twenty-one (21) days of the date of service of this pleading.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ *Dean A. Langdon*
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR

## **CERTIFICATE OF SERVICE**

        In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by first-class U.S. mail, postage prepaid, on January 10, 2025, upon all creditors and parties in interest, including the following governmental authorities:

Kentucky Dept. of Revenue
Attn: Jennifer L. Howard
P O Box 5222
Frankfort, KY 40602

Callie R. Owen
Assistant U.S. Attorney
260 W. Vine St., Ste. 300
Lexington, KY 40507

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-0424

Internal Revenue Service
Attn: Lisa Lunsford
550 Main St., RM 9010-A
Cincinnati, OH 45202

/s/ Dean A. Langdon, Esq.
COUNSEL FOR DEBTOR

/Pleadings/Priority Claims Pay Motion 20240109.doc