UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

MICHAEL JASON WILLIAMS

DEBTOR

CASE NO. 24-60490
CHAPTER 11
SUBCHAPTER V

## MOTION TO CONVERT CASE TO CHAPTER 7 AND
## ESTABLISH PROCEDURES FOR FINAL FEE APPLICATIONS

Comes Michael Jason Williams (the "Debtor"), by counsel, and respectfully requests that this Court enter an order, substantially in the form attached hereto (the "**Conversion Order**"): (i) converting the Debtors' Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code effective as of March 15, 2025 (the "**Conversion Date**"); and (ii) approving certain other procedures related to conversion, including procedures related to the filing of final fee applications by professionals (the "**Conversion Procedures**"). In support of this motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1.  On May 24, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtor was operating its business as a debtor and debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.  This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

1

3. The Debtor is an individual who resided in Laurel County, Kentucky on the Petition Date. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. Charity S. Bird was appointed as the Subchapter V trustee on June 4, 2024 [ECF No. 11].

## BACKGROUND

5. Mr. Williams has worked in the cattle industry for all of his adult life, beginning with a company founded by his great-grandfather. He is the majority or sole owner of five entities through which business has previously conducted: Williams & Son Livestock, LLC ("Williams & Sons"); J Williams Cattle, LLC ("JW Cattle"); JW Livestock, LLC ("JW Livestock"), Cowboy Capone, LLC ("Capone"), and Laurel Livestock Market, Inc. ("Laurel Livestock," and with the other companies, the "Businesses"). Mr. Williams worked as an independent cattle broker on the Petition Date but subsequently lost his sole client in August, 2024 and has been seeking employment since, without success.

6. The Business Entities are no longer operating. JW Cattle was formed in August 2022 in an effort to assume the business of raising, purchasing and selling cattle which had been conducted by Williams & Son. Williams & Son was initially owned by Mr. Williams and his father. Mr. Williams assumed sole ownership in 2019, but the company was burdened by substantial debts and effectively stopped operating in 2022. JW Livestock engaged in cattle transportation throughout the southeast, northeast and midwestern United States, at one time operating numerous tractors and trailers. However, JW Livestock experienced substantial fluctuations in business due to market factors and was ultimately unable to service the debts incurred to acquire its rolling stock. JW Livestock permitted its secured lenders to recover their

collateral and ceased operations. Laurel Livestock owned and operated a stockyard operation in London, Kentucky which was sold prior to the Petition Date will all proceeds going to pay liens securing its assets.

7. Although Mr. Williams continued to engage in business in the cattle industry postpetition, a consequence of the winding down of Mr. Williams' businesses is substantial personal exposure on debts incurred by the businesses, including liability for trust fund taxes owed by one or more of such businesses.

8. Mr. Williams timely filed a Plan on August 16, 2024 [ECF No. 28]. On August 19, 2024 the Court entered its Order Fixing Time for Filing Acceptances or Rejections of Chapter 11 Subchapter V Plan, and Notice of Confirmation Hearing (the "Hearing Order") [ECF No. 30]. Confirmation of the Plan has been continued generally while Mr. Williams seeks employment. Mr. Williams does not believe he will be able to find employment which would generate income sufficient to fund his proposed Plan, or to amend the Plan.

9. Mr. Williams had assets with equity and has liquidated substantially all such assets during the pendency of this case. See ECF Nos. 66, 74, 78. Consequently, Mr. Williams' counsel held the sum of $164,576.85 in sale proceeds. Mr. Williams sought and obtained authority to pay all priority claims from the sale proceeds [ECF No. 88], which has occurred.

**RELIEF REQUESTED**

10. By this motion, the Debtor requests entry of the Conversion Order, substantially in the form attached hereto as **Exhibit A**, converting the Debtors' Chapter 11 Case to a case under Chapter 7 pursuant to section 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(f), effective as of the Conversion Date, and approving the following Conversion Procedures:

    a.    **Professional Fees.** All professionals shall submit final fee applications to the Court (the "Final Fee Applications") in accordance with the Bankruptcy Code, Bankruptcy Rules and Local Rules To the extent the Court approves a Final Fee Application, all approved amounts owed to such Professional shall be paid (x) first, from the Professional's retainer to the extent such retainer exists, and (y) next, from any assets of the Debtors' Chapter 7 estate in accordance with the priorities set forth in section 726(b) of the Bankruptcy Code. Debtors' existing counsel, DelCotto Law Group PLLC is hereby allowed to retain up to $5,000 of sale proceeds held in escrow pursuant to its possessory lien to pay for services rendered to the Debtor in connection with a Chapter 7 case.

    b.    **Books and Records**. As soon as reasonably practicable the Debtor shall turn over or provide access to the Chapter 7 trustee the books and records of the Debtor in its possession and control, as required by Bankruptcy Rule 1019(4). The Debtor may provide copies (including electronic copies) of such books and records to the Chapter 7 trustee, or instructions for locating and accessing such books and records and may retain copies of such books and records to the extent necessary to complete the reports required herein.

    c.    **Schedule of Unpaid Debts**. The Debtor shall file a schedule of unpaid debts incurred after commencement of the Debtors' Chapter 11 Case, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

    d.    **Final report**. The Debtor shall file and transmit to the United States Trustee's Office for the Eastern District of Kentucky (the "U.S. Trustee") a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

## BASIS FOR RELIEF

11.    Section 1112(a) of the Bankruptcy Code provides that a debtor may convert a case to Chapter 7 as a matter of right. *See* H.R. Rep. No. 95-595, 1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case."); S. Rep. No 95-989, 95th Cong., 2d Sess. 117 (1978) (same). Several courts have concluded that, absent certain exceptions contained in section 1112(a) of the Bankruptcy Code that are noted below, a debtor has an absolute right to convert his Chapter 11 case to a case under Chapter 7 of the Bankruptcy

Code. *See Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142 (5th Cir. 1988) (noting that "a debtor has the absolute right to convert [its] Chapter 11 case to a Chapter 7 case"); *In re Constellation Enters. LLC*, Case No. 16-11213 (CSS) (Bankr. D. Del. Sept. 27, 2017) ("I find and rule that the debtors have an absolute right to convert these [chapter 11] cases."). Nevertheless, courts in the Sixth Circuit have concluded that a bankruptcy court can deny a debtor's conversion from Chapter 11 to Chapter 7 if "extreme circumstances such as bad faith" exist. *In re Johnson*, 546 B.R. 83, 160 (Bankr. S.D. Ohio 2016) (quoting *In re Adler*, 329 B.R. 406, 409 (Bankr S.D. N.Y. 2005) and interpreting *In re Cooper*, 426 F.3d 810 (6th Cir. 2005). There are only three other circumstances where a debtor is precluded from exercising its right to convert from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code: (a) the debtor is not a debtor in possession; (b) the case was originally commenced as an involuntary case under Chapter 11; or (c) the case was converted to a case under Chapter 11 other than at the debtor's request. 11 U.S.C. § 1112(a).

12.    None of those exceptions are applicable in this Chapter 11 Case and there are no extreme circumstances warranting denial of the Motion. Importantly, at this time, the Debtor believes conversion of this Chapter 11 Case to a case under Chapter 7 is in the best interests of the Debtors' estate and creditors. The Debtor has concluded that conversion is the best way to minimize administrative costs and maximize recoveries for creditors. The Debtor believes that, at this time, there is no reasonable likelihood that the Debtor could confirm and consummate a Chapter 11 plan and respectfully submits that a Chapter 7 trustee will be able to more efficiently and effectively bring this case to a conclusion. Accordingly, the Debtor respectfully requests that this Court enter the Conversion Order converting the Debtors' case from Chapter 11 to Chapter 7 effective as of the Conversion Date.

WHEREFORE, the Debtor respectfully requests entry of the Conversion Order, substantially in the form attached, granting the relief requested herein and such other relief as is just and proper.

## NOTICE

Please take notice that an order granting the relief requested by this Motion may be entered without further notice or hearing unless an objection to the Motion, properly noticed for hearing, is filed within twenty-one (21) days of the date of service of this pleading.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ *Dean A. Langdon*
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing Motion was served by first-class U. S. mail, postage prepaid, on February 19, 2025, on all creditors and parties in interest.

/s/ Dean A. Langdon, Esq.
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION

/Pleadings/Convert Motion V1 20250219.doc