UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

MICHAEL JASON WILLIAMS

    DEBTOR

CASE NO. 24-60490
CHAPTER 7

**SECOND AND FINAL APPLICATION FOR APPROVAL OF
COMPENSATION FOR SERVICES RENDERED AND EXPENSES
INCURRED BY DELCOTTO LAW GROUP PLLC AS COUNSEL FOR
DEBTOR FOR THE PERIOD NOVEMBER 1, 2024 THROUGH MARCH 15, 2025**

Comes DelCotto Law Group PLLC (the "Applicant") and for its Second and Final Application for Approval of Compensation for Services Rendered and Expenses Incurred as counsel for Michael Jason Williams (the "Debtor"), for the period November 1, 2024 through March 15, 2025 (the "Fee Application"), respectfully represents as follows:

I.    **NARRATIVE SUMMARY**

    A.    Status of Proceeding

    1.    On May 24, 2024, Debtor filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

    2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    3.    Charity S. Bird was appointed as the Subchapter V trustee in this case on June 4, 2024 [ECF No. 76].

    4.    Debtor's Subchapter V Small Business Plan of Reorganization was filed on August 16, 2024 [ECF No. 28].

    5.    Debtor has filed its monthly operating reports through November 2024.

6. Debtor filed a Motion to Convert Case to Chapter 7 and Establish Procedures for Final Fee Applications [ECF No. 90] on February 19, 2025 and an Order Converting the Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code [ECF No. 94] was entered on March 18, 2025.

7. Previously, Applicant obtained interim approval of fees in the amount of $19,930.08 and expenses in the amount of $1,815.39 (the "First Interim Fee Order") [ECF No. 84] for the period from the Petition Date through October 31, 2024.

B.   Background of Applicant

Applicant is a small law firm with its primary practice areas involving debtor/creditor matters and other commercial litigation, including bankruptcies and out of court debt restructurings. Debtor filed its Application to Employ DelCotto Law Group PLLC as its General Counsel Effective as of the Petition Date on May 31, 2024 [ECF No. 9], and Applicant was employed by and has acted as counsel for the Debtor in the above-captioned Chapter 11 case pursuant to order of this Court authorizing such employment [ECF No. 14], a copy of which is attached hereto collectively as Exhibit A.

By this Fee Application, pursuant to the applicable provisions of 11 U.S.C. §§ 327 - 331 and Bankruptcy Rule 2016, Applicant seeks allowance of compensation for legal services rendered and expenses incurred by Applicant as counsel for the Debtor from November 1, 2024 through March 15, 2025 (the "Second and Final Fee Period"). Applicant seeks allowance of compensation for services rendered in the amount of $4,399.50 and allowance for reimbursement of expenses incurred in the amount of $360.10 during the Second and Final Fee Period, for a total of $4,759.60. In addition, the Applicant seeks final allowance of the previously approved

interim compensation in the total amount of $21,545.47 from the Petition Date through October 31, 2024 as approved by the First Interim Fee Order.

    C.    <u>Terms of Employment</u>

All charges for services rendered and for reimbursement of costs incurred are within the range of rates and in the amounts Applicant customarily bills to and collects from other clients of the firm for similar services. Applicant believes that its services have been necessary and beneficial to the Estate and that the amount requested as compensation for services and expenses is reasonable, and requests that the amount be approved.

Applicants' attorneys and paraprofessionals record the services they perform on daily time sheets and/or electronic time entries in six-minute increments. The time entries are made substantially contemporaneously with the performance of the services described therein and are kept in the regular course of Applicant's business. The billing statement contains a reproduction of the time entries arranged chronologically by the U.S. Trustee's project categories and sets forth the costs incurred and expenses advanced. The billing statement is maintained in the ordinary course of Applicant's business. A true and correct copy of the billing statement for the First Interim Fee Period is attached hereto as <u>Exhibit B</u>. Applicant represents that the Debtor has reviewed the billing statement and has approved the requested amount.

**II.**    **<u>SUMMARY OF SERVICES RENDERED</u>**

A detailed and itemized description of the services rendered and expenses incurred by Applicant for the Fee Period is set forth in <u>Exhibit B</u> and can be further described by project category consistent with the U.S. Trustee's Guidelines as follows:

    A.    <u>Asset Analysis and Recovery</u> – Intentionally Omitted

    B.    <u>Asset Disposition</u>
            Total Hours – 1.30

Total Fees Requested - $489.00

This category includes time regarding sale matters, including but not limited to time expended reviewing, analyzing and advising the Debtor on all aspects of any asset disposition, communicating with client re assets and sale issues; and drafting and filing of reports of sale.

C. Business Operations – Intentionally Omitted

D. Case Administration
Total Hours – 5.10
Total Fees Requested - $1,912.50

This category includes time expended in the general representation of the Debtor, including but not limited to communicating with Debtor regarding monthly reports.

E. Claims Administration and Objections
Total Hours – 3.80
Total Fees Requested - $1,474.50

This category includes time expended regarding specific claim inquiries and analyses, including but not limited to communicating with client regarding 941 tax returns; drafting, research and filing of motion to pay priority claims.

F. Employee Benefits/Pensions – Intentionally Omitted

G. Fee/Employment Applications
Total Hours – 2.0
Total Fees Requested - $436.50

This category includes time expended preparing and filing fee applications and serving order granting applications.

H. Fee/Employment Objections – Intentionally Omitted

I. Financing – Intentional Omitted

J. Litigation – Intentionally Omitted

K. Meeting of Creditors – Intentionally Omitted

      L.     <u>Plan</u>
            Total Hours – .20
            Total Fees Requested - $87.00

This category includes all time spent on plan formulation. revision and presentation, including but not limited to communication regarding payroll taxes, deadline to object to plan and review proposed order.

      M.    <u>Relief from Stay Proceedings</u> – Intentionally Omitted

**<u>Summary</u>**

The total time expended by Applicant on behalf of the Debtor during the Fee Period was 12.40 hours and is itemized by timekeeper on <u>Exhibit B</u>.

In conclusion, Applicant believes and represents that the compensation sought is reasonable based on the nature, extent, and value of such services, the time expended on such services, the cost of the comparable services rendered in cases other than bankruptcy cases, and the other factors adopted by the Sixth Circuit in the lodestar analysis of fee applications.

**III.    <u>ACTUAL AND NECESSARY EXPENSES INCURRED</u>**

Under 11 U.S.C. § 330(a)(1)(B), the Court may reimburse the Applicant for the "actual, necessary expenses" incurred in this case. In the course of its representation of the Debtor during the Fee Period, Applicant has incurred actual expenses in the total amount of $360.10. A detailed list of those expenses is included in <u>Exhibit B</u>. By the Fee Application, Applicant also seeks allowance and reimbursement for those actual, reasonable and necessary expenses incurred by the Applicant in representing the Debtor.

Applicant normally seeks and receives reimbursement of costs incurred for postage, delivery services, computerized legal research, mileage, facsimile services, filing fees, and document reproduction services from its clients and reimbursement of such costs is sought

5

hereby. Applicant believes that all of the expenses requested are reasonable, necessary and appropriately reimbursable in the case, and requests that this Court approve the reimbursement sought.

## IV.    **CONCLUSION**

Applicant respectfully submits that its Fee Application for second and final compensation in the total amount of $4,759.60 (including fees and expenses) constitutes a fair and reasonable request for the quality and nature of the services performed.

WHEREFORE, for all the foregoing reasons, pursuant to 11 U.S.C. §§ 328, 330 and 331, Applicant prays that this Court enter an Order:

A.    Approving Applicant's request pursuant to this Fee Application for final allowance of fees in the amount of $4,399.50 and expenses in the amount of $360.10 for the Fee Period, for a total allowed compensation of $4,759.60;

B.    Granting final approval of the fees and expenses approved by the Interim Fee Order in the amount of $21,545.47.

C.    Authorizing and directing the Applicant to pay the fees and expenses approved from the Debtor's sale proceeds held in escrow ($29,977.86) by the Applicant as an allowed interim administrative expense; and

D.    For such other and further relief as this Court may deem appropriate.

## **NOTICE**

Please take notice that unless an objection to the foregoing, properly noticed for hearing, is filed within twenty-one (21) days of the date of service of this pleading, an Order granting the relief requested may be entered without a hearing.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ *Dean A. Langdon*
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY  40507
Telephone: (859) 231-5800
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR

### **CERTIFICATE OF SERVICE**

This document has been electronically filed and served via the Court's ECF System on March 31, 2025.

/s/ *Dean A. Langdon*
COUNSEL FOR DEBTOR

Fee App DLG 2nd and Final App.doc